UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALLAN PARMELEE,<br><br>           Plaintiff,<br><br>     v.<br><br>SHIRLEY CLARK, KERRI ROBINSON, JAY JACKSON, CHARLES PEASE, STEVE SINCLAIR, BERNARD WARNER, JO PHILLIPS, FRANK SMITH, JOHN ROGERS, JOHN EDWARDS, SCOTT FRAKES, JOHN HAMMOND, SHARI HALL and UNKNOWN OTHERS,<br><br>           Defendants. | No. CV-13-5046-EFS<br><br>**ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*, DISMISSING ACTION FOR FAILURE TO PAY FILING FEE, AND DENYING PENDING MOTIONS AS MOOT** |

    By Order filed May 31, 2013, the Court directed Mr. Parmelee, a *pro se* prisoner at the Washington State Penitentiary ("WSP"), to show cause why his application to proceed *in forma pauperis* should not be denied as precluded under 28 U.S.C. § 1915(g). In the alternative, Plaintiff was directed to pay the applicable $400.00 filing fee for this action under 28 U.S.C. § 1914. He did not pay the fee.

    A review of court records from the United States District Court, Western District of Washington, and the Ninth Circuit Court of Appeals, shows that Mr. Parmelee's extensive history of filing cases deemed frivolous or malicious, or which failed to state a claim upon which relief may be granted, culminated in a bar order, *see* W.D. Wash.

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*, DISMISSING ACTION FOR
FAILURE TO PAY FILING FEE, AND DENYING PENDING MOTIONS AS MOOT -- 1

Cause No. CV-01-1467-BJR, and a pre-filing review order, *see* Ninth Circuit Cause No. 02-80026. More than a decade ago, Plaintiff was barred from proceeding *in forma pauperis* pursuant to § 1915(g). *See Parmelee v. King County, et al.,* C99-1896P, although that case was allowed to proceed upon payment of the full filing fee; *Parmelee v. Bautista, et al.,* C00-1884C; and *Parmelee v. Kempton, et al.*, C01-507R. Plaintiff does not refute these findings regarding his litigation history.

In his initial, self-prepared complaint, which was signed on April 5, and again on April 8, 2013, and received on April 11, 2013, ECF No. 1, Mr. Parmele asserted "imminent risks of additional physical injury." He failed, however, to support his assertion with factual allegations. His contention of "deliberate indifference to a physical disability and risks," as well as his complaints of three incidents of food poisoning in 2011 and 2012, for which he had received e-coli treatment on one of those occasions, did not demonstrate he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (an exception to the three-strikes rule exists only where "the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

Likewise, Plaintiff's assertions of "inadequate and unsafe food," based on complaints that he had been making since 2008, were insufficient to demonstrate "imminent danger of serious physical injury." Plaintiff alleged that milk was served "spoiled" three out of seven days per week; lettuce was served "rotten"; food items were

missing from the trays and, therefore, were not in compliance with nutrition charts; guards served meals without wearing hairnets, leaving hair and other dirt on trays, stacking uncovered trays, sticking dirty fingers into food, picking up dropped food from the ground and placing it back on trays that are served to inmates; the meat was "pink slime"; and the food had no flavor. Plaintiff did not state when any of these conditions occurred, how frequently, or whether they occurred recently or sometime in the previous five years. The facts in the initial complaint failed to show an immediate danger to Plaintiff's health and well-being.

Although Plaintiff claimed he was 35 to 40 pounds underweight, he did not assert the time frame of any weight loss. He admitted that he had been receiving dietary supplements, although he claimed they were "cut off" the day before he initially signed his complaint. Absent allegations of a significant weight loss between the time he was placed in IMU-South in March 2013, and when he filed his complaint in early April 2013, Plaintiff failed to show an "imminent danger of serious physical injury."  Plaintiff had indicated that he was returned to the WSP only in February 2013.

Plaintiff asserted in his complaint that rather than "correct[ing] the problems of insufficient food," unidentified Defendants threatened him "with violence, force feeding and assaults if he persists on refusing to proverbally [sic] eat from a garbage can or eat like farm animals . . . ."  As presented, these conclusory allegations did not demonstrate that, at the time of his complaint, Plaintiff was exempted from the application of 28 U.S.C. § 1915(g).

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*, DISMISSING ACTION FOR FAILURE TO PAY FILING FEE, AND DENYING PENDING MOTIONS AS MOOT -- 3

Mr. Parmelee's subsequent decision to engage in "self-starvation" as set forth in his proposed amended complaint, ECF No. 10, his Motion for Appointment of Counsel, ECF No. 8, his Motion for Temporary Restraining Order and a Hearing for a Preliminary Injunction to Prevent Force and Force Feeding over Food and Unnecessary Pain and Suffering, ECF. No. 11, and his accompanying declarations, ECF Nos. 9 and 12, received on June 5, 2013, does not demonstrate that he was under "imminent danger of serious physical injury" at the hands of identified Defendants at the time he filed his initial complaint. It appears a prisoner would have no constitutionally protected right in avoiding forced nutrition and hydration in response to a "hunger-strike." *See McNabb v. Dep't. of Corr*., 163 Wash.2d 393, 407 (2008) (State's interests in applying Department of Corrections' force-feeding policy to inmate outweighed inmate's right to refuse artificial means of nutrition and hydration); *see also Martinez v. Turner,* 977 F.2d 421, 423 (8th Cir. 1992) (federal prisoner's allegation of force feeding by prison authorities did not state constitutional claim when attachments to pleadings reflected a medical determination that force feeding was necessary to the inmate's health, and that regulations authorized the force feeding of hunger striking inmates) *cert. denied,* 507 U.S. 1009 (1993).

On June 21, 2013, Plaintiff filed a Response, ECF No. 14, to the Order to Show Cause, ECF No. 7. After review of his submissions, the Court finds Mr. Parmelee's allegations are insufficient to overcome the filing restrictions under 28 U.S.C. § 1915(g). Because Mr. Parmelee was precluded from proceeding *in forma pauperis* at the time

he lodged his complaint, and he has not paid the $400.00 filing fee, he may not proceed with this action.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Application to Proceed *In Forma Pauperis*, **ECF No. 2**, is **DENIED**.
2. This action is **DISMISSED WITHOUT PREJUDICE** for failure to pay the applicable filing fee, pursuant to 28 U.S.C. § 1914.
3. All pending motions are **DENIED AS MOOT.**
4. The Clerk's Office is directed to **ENTER JUDGMENT** of dismissal without prejudice and to **CLOSE** the file.
5. The Court certifies that any appeal of this dismissal would not be taken in good faith.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide a copy to Plaintiff at his last known address.

**DATED** this 16th day of July 2013.

                           s/ Edward F. Shea
                          EDWARD F. SHEA
                Senior United States District Judge

Q:\EFS\Civil\2013\prisoner13cv5046efs-7-12-denyIFPdismiss.lc2.docx

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*, DISMISSING ACTION FOR FAILURE TO PAY FILING FEE, AND DENYING PENDING MOTIONS AS MOOT -- 5